**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARD L. BABIUK,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-1508-Orl-28DAB**

**GARY G. LAKE and BUDGET RENT A CAR SYSTEM, INC.,**

        **Defendants.**
_____

## ORDER

Leonard Babiuk brings the instant action against Defendants Gary Lake and Budget Rent a Car System, Inc. ("Budget"). The case arises from a traffic accident in which Lake, who was driving a vehicle he had rented from Budget, negligently merged into Plaintiff's lane and hit Plaintiff's motorcycle, injuring Plaintiff. In Count I of his Amended Complaint (Doc. 4), Plaintiff brings a negligence claim against Lake, and in Count II he brings a claim against Budget, asserting that Budget is vicariously liable for Lake's negligence under Florida's dangerous instrumentality doctrine. Plaintiff invokes this Court's jurisdiction based on the parties' diverse citizenship and satisfaction of the $75,000 amount-in-controversy threshold. See 28 U.S.C. § 1332(a).

The case is now before the Court on Budget's Motion to Dismiss for Lack of Jurisdiction (Doc. 9) and Plaintiff's Memorandum in Opposition (Doc. 16) thereto. Budget argues in its motion that the claim against it should be dismissed because under federal law, the maximum liability that can be imposed against it is $10,000—below the $75,000

threshold; Budget asserts—referring the Court to a case by name only, without a citation—that "[e]ach claim must independently satisfy the minimum jurisdictional amount," (see Doc. 9 at 2). Plaintiff concedes that Budget's liability is limited to $10,000, but Plaintiff asserts that this Court nevertheless has jurisdiction over the claim against Budget because the Court has jurisdiction over the claim against Lake, which is part of the same case or controversy.

However, both parties misapprehend the nature and effect of the federal statute upon which Budget relies for its asserted "limitation" of liability. That statute does not merely *limit* the liability of Budget in the circumstances of this case; it *completely precludes* liability of Budget. Thus, the issue is not one of jurisdictional amount or whether claims must independently satisfy the $75,000 threshold—an issue the Court need not comment on—but instead whether Plaintiff can state a claim against Budget for which relief can be granted. Under well-established law, Plaintiff cannot.

The statute upon which Budget relies, 49 U.S.C. § 30106—known as the Graves Amendment—provides in pertinent part:

> An owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner . . . .

49 U.S.C. § 30106(a). Plaintiff does not dispute that the statute applies.[1] As several courts have plainly held, the statute completely preempts Florida's vicarious liability statute, and Budget cannot be held liable for *any* amount. See, e.g., Garcia v. Vanguard Car Rental USA, Inc., 540 F.3d 1242 (11th Cir. 2008); Karling v. Budget Rent A Car Sys., Inc., 2 So. 3d 354 (Fla. 5th DCA 2008). Accordingly, Count II fails to state a claim for which relief can be granted. The count will be dismissed, though not for the reason asserted by Budget.

It is **ORDERED** and **ADJUDGED** that Count II of the Amended Complaint (Doc. 4) is **DISMISSED with prejudice** for failure to state a cause of action. The Motion to Dismiss for Lack of Jurisdiction (Doc. 9) filed by Budget is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 3rd day of December, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[1] Although the Amended Complaint refers to "Budget's negligence" in one paragraph, Count II is plainly grounded in Budget's alleged vicarious liability. (See Doc. 4 ¶¶ 18-19). Plaintiff does not allege any act of negligence by Budget, and in his response to Budget's motion Plaintiff plainly acknowledges the applicability of the Graves Amendment, (see Doc. 16 at 1).